**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ONE WILLIAM STREET CAPITAL MASTER FUND LTD., *et al.*, <br><br>                         Plaintiffs, <br><br>         -against- <br><br> JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, *et al.*, <br><br>                      Defendants. | Case No. 1:26-cv-01622-JSR <br><br> ORAL ARGUMENT REQUESTED |

**SUPPLEMENTAL REPLY BRIEF OF FIFTH THIRD SECURITIES, INC.
<u>IN SUPPORT OF MOTION TO DISMISS</u>**

May 21, 2026

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES.......................................................................................................ii

ARGUMENT…………………………………………………………………………………...1

    I.      Plaintiffs fail to plead they purchased Notes from FTS ...........................................1

    II.     Plaintiffs double down on impermissible and conclusory "group pleading" ..........2

CONCLUSION.......................................................................................................................5

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*In re Aegean Marine Petrol. Network, Inc. Sec. Litig.*,
  529 F. Supp. 3d 111 (S.D.N.Y. 2021) ...................................................................................3

*Cole v. Blackwell Fuller Music Publ'g, LLC*,
  16-CV-7014, 2018 WL 4680989 (S.D.N.Y. Sept. 28, 2018) ....................................................2

*Dodona I, LLC v. Goldman, Sachs & Co.*,
  847 F. Supp. 2d 624 (S.D.N.Y. 2012) ...................................................................................3

*Ellington Mgmt. Grp., LLC v. Ameriquest Mortg. Co.*,
  No. 09 Civ. 0416, 2009 WL 3170102 (S.D.N.Y. Sept. 29, 2009).............................................3

*Heabeart v. Coinbase, Inc.*,
  25-cv-9197, 2026 WL 1250578 (S.D.N.Y. May 7, 2026)........................................................5

*In re Livent, Inc. Noteholders Sec. Litig.*,
  174 F. Supp. 2d 144 (S.D.N.Y. 2001) ...................................................................................2

*Richards v. Warner Music Grp.*,
  22 Civ. 6200, 2024 WL 4307994 (S.D.N.Y. Sept. 25, 2024)...................................................2

*Teamsters Local 445 Freight Div. Pension Fund v. Dynex Cap. Inc.*,
  531 F.3d 190 (2d Cir. 2008)................................................................................................4

**STATUTES**

Private Securities Litigation Reform Act,
  Pub. L. No. 104-67, 109 Stat. 737 .....................................................................................3, 5

**FEDERAL RULES**

Fed. R. Civ. P. 9...............................................................................................................3

Fed. R. Civ. P. 12.............................................................................................................2

Plaintiffs' opposition to Fifth Third Securities, Inc.'s ("FTS") motion to dismiss confirms that Plaintiffs have not plausibly pled any fraud claims against FTS. Despite 70 pages of briefing, Plaintiffs completely ignore FTS's dispositive threshold argument—that Plaintiffs must plead they actually purchased Notes from FTS, and they have not done so and cannot. On its own, this concession-by-silence mandates dismissal of the claims against FTS. But Plaintiffs also shirk their responsibility to establish scienter *as to FTS*. Instead, they unapologetically double down on impermissible "group pleading" and attempt to manufacture scienter based merely on FTS's role as a "co-manager" in some of the securitizations, the alleged receipt of *one "similar"* audit report by a separate corporate affiliate (Fifth Third Bank, N.A.), and generalized allegations regarding fees and interest earned by that affiliate. This dearth of factual allegations does not come close to establishing scienter. The claims against FTS must be dismissed.

## I.    Plaintiffs fail to plead they purchased Notes from FTS

In its Supplemental Memorandum of Law in Support of Motion to Dismiss ("Suppl. Mem."), FTS established both that Plaintiffs must plead they actually purchased Notes from FTS, and that no Plaintiff did or could do so. Suppl. Mem. at 4-6 (citing *Menora Mivtachim Ins. Ltd. v. Frutarom Indus. Ltd.*, 54 F.4th 82, 88 (2d Cir. 2022); *In re Parmalat Sec. Litig.*, 570 F. Supp. 2d 521, 524-26 (S.D.N.Y. 2008); *Fed. Deposit Ins. Corp. v. Deutsche Bank Sec. Inc.*, No. 12-CV-4000, 2026 WL 346311, at *5 (S.D.N.Y. Feb. 9, 2026); *Fed. Deposit Ins. Corp. v. First Horizon Asset Sec. Inc.*, 443 F. Supp. 3d 505, 508 (S.D.N.Y. 2020)).

Plaintiffs respond with deafening silence. They do not address this argument at all, making no attempt to rebut or distinguish any of the cases cited by FTS, or identify any transaction Plaintiffs engaged in with FTS. Indeed, one of the cases relied upon by Plaintiffs in their opposition – in support of a different point – clearly establishes that in order to adequately plead a

1

violation of Section 10(b) *by FTS*, Plaintiffs must allege a purchase of Notes *from FTS. See In re Livent, Inc. Noteholders Sec. Litig.*, 174 F. Supp. 2d 144, 150 (S.D.N.Y. 2001) (finding a lack of standing to bring a claim and a failure to adequately plead reliance where Noteholders failed to allege "that they purchased Notes from [defendant]") (cited at pages 20, 22, 23 of Pls.' Mem. of L. in Opp. to Defs.' Mot. to Dismiss ("Plaintiffs' Opp.")).

Plaintiffs' omission is dispositive.  Absent any allegation that FTS sold any Notes to Plaintiffs, Plaintiffs cannot plausibly allege reliance on FTS as a matter of law.  Courts in this district routinely treat failures to address arguments in a Rule 12(b)(6) motion as concessions. *Richards v. Warner Music Grp.*, 22 Civ. 6200, 2024 WL 4307994, at *4 (S.D.N.Y. Sept. 26, 2024) ("Numerous courts in this District have held that a party's failure to address an issue in its response to a Rule 12(b)(6) motion amounts to a concession or waiver of the argument."); *see also Cole v. Blackwell Fuller Music Publ'g, LLC*, 16-CV-7014, 2018 WL 4680989, at *7 (S.D.N.Y. Sept. 28, 2018) (collecting cases holding that "plaintiff's failure to address an issue in its opposition raised by its adversary amounts to a concession or waiver of the argument").  Plaintiffs' failure to respond concedes the argument and, on that basis alone, all claims against FTS must be dismissed.

## II.    Plaintiffs double down on impermissible and conclusory "group pleading"

Plaintiffs do not dispute that they have failed to identify any specific action whereby FTS: (1) sold any Plaintiff any Note; (2) solicited any investor, much less any Plaintiff; (3) participated or had input in any roadshow presentation; (4) made any representation regarding Tricolor and its performance; (5) distributed any Offering Memorandum; (6) set the terms of any sale; (7) controlled any transaction; or (8) answered any investor questions. Nor do Plaintiffs allege that FTS sold any "mezzanine" warehouse loans to third parties or had any involvement in Tricolor's planned initial public offering. Instead, Plaintiffs rely on a single conclusory allegation that: "the

FAC identifies FTS by name as Co-Manager and Initial Purchaser in five specific transactions." (Plaintiffs' Opp. at 51). From this, Plaintiffs breezily assert that "the FAC puts FTS on specific notice of the allegations against it." *Id.*

Plaintiffs' argument fails as a matter of law. No court has ever held that merely being named as a participant in a securitization—without any particularized allegations as to that party's role, much less involvement in fraudulent conduct—gives rise to a strong inference of scienter. To the contrary, the PSLRA and Rule 9(b) require Plaintiffs to plead fraud with particularity as to each Defendant. Indeed, the primary case cited by Plaintiffs for this extraordinary proposition actually undermines their position. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 847 F. Supp. 2d 624, 647 n.13 (S.D.N.Y. 2012). *Dodona I* does not endorse the "group pleading" Plaintiffs advance. First, the defendants in that case "ACCEPT[ED] RESPONSIBILITY" for the statements contained in the relevant offering circulars, in direct contrast to the Offering Memoranda here, which expressly disclaim such responsibility by FTS. *Id.* Second, the court in *Dodona I* only allowed "group pleading" there because the offering materials constituted "the collective work of individuals *with direct involvement in the everyday business of the company*." *Id.* (quoting *In re Oxford Health Plans, Inc.*, 187 F.R.D. 133, 142 (S.D.N.Y. 1999)) (emphasis added). Plaintiffs do not, and cannot, allege that anyone at FTS was "direct[ly] involve[d] in the everyday business" of Tricolor. Their allegations, therefore, fall far short of satisfying Rule 9(b) and the PSLRA.

Plaintiffs continue to disregard applicable caselaw clearly requiring that scienter be "separately pled and individually supportable as to each defendant." *In re Aegean Marine Petrol. Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 161 (S.D.N.Y. 2021). They likewise ignore this Court's admonition that "group pleading does not comport with the particularity requirements of Rule 9(b) and the PSLRA." *Ellington Mgmt. Grp., LLC v. Ameriquest Mortg. Co.*, No. 09 Civ.

3

0416, 2009 WL 3170102, at *1 n.3 (S.D.N.Y. Sept. 29, 2009) (Rakoff, J.). Plaintiffs' effort to sidestep these requirements requires dismissal of all fraud claims against FTS.

Unable to plead any particularized allegations as to FTS, Plaintiffs cite *Teamsters Local 445 Freight Division Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 195 (2d Cir. 2008), for the proposition that they need not identify any specific FTS employee who acted with scienter and, accordingly, this Court should give a pass to Plaintiffs' conceded "group pleading." (Plaintiffs' Opp. at 51-52). This argument, too, fails. First, *Teamsters Local 445* squarely holds that "a plaintiff must prove that an agent of the corporation committed a culpable act with the requisite scienter, and that the act (and accompanying mental state) are attributable to the corporation." *Id.* at 195. In the context of allegations that a corporate issuer defendant itself engaged in a pattern of systematic and obviously fraudulent conduct, the Second Circuit held that such allegations alone could establish that at least some officer or employee would have acted with fraudulent intent. *Id.* at 194-95 ("[D]istrict court found Teamsters' allegations 'sufficient to infer that officers and employees of [Dynex] had the motive and opportunity to commit fraud.").

But *Teamsters Local 445* hurts, not helps, Plaintiffs' case. The Second Circuit ordered dismissal of the fraud claims in *Teamsters Local 445* because a defendant's mere "access" to raw information could not create a strong inference of scienter. *Id.* at 196. And Plaintiffs here do not allege any fraudulent conduct by FTS itself—let alone widespread, systemic misconduct from which scienter could be inferred. Instead, Plaintiffs rely on a citation to a single loan that had been pledged to Fifth Third Bank's warehouse line and allegedly double-pledged to another warehouse line and later securitizations,[1] (FAC ¶ 85), and the alleged passive receipt of one undefined audit

---

[1] Tellingly, Plaintiffs do not argue that FTS knew about this one instance of double-pledging or even had access to information that would have allowed it to discover it.

4

report—without identifying who received it, what it said regarding fraud, or how it relates to FTS,[2] (Plaintiffs' Opp. at 51).

Plaintiffs do spill a great deal of ink in their response brief regarding inferential backflips that should have been made from a CBIZ report that they allege was received by other defendants—but not the Fifth Third defendants.  As to Fifth Third, all Plaintiffs claim is that Fifth Third Bank received a "similar" report, without any allegation, claim, or reference as to who, when, where, or how Fifth Third Bank received that report, what information it contained, or even how it might have been "similar."  (FAC ¶ 113).  Plaintiffs thus ask this Court to sustain their fraud claims against FTS based on a series of unsupported inferences: that the alleged receipt of one unidentified report by a related, but different entity that may (or may not) have referenced control deficiencies at Tricolor equates to knowledge of undisclosed fraud, and that such knowledge establishes scienter.  No court in this district has embraced such a breathtaking expansion of scienter, and this Court should not be the first. Indeed, Plaintiffs' attempt to transform group pleading of alleged notice of control issues into proof of fraudulent intent is precisely the type of "fraud by hindsight" theory the Second Circuit forbids.

## CONCLUSION

For the foregoing reasons and those set forth in Defendants' Joint Motion and Reply, FTS respectfully requests that the Court dismiss the claims against it in Plaintiffs' First Amended Complaint with prejudice.

---

[2] Plaintiffs also claim that the alleged receipt of $20 million in fees and interest by a corporate affiliate, Fifth Third Bank, establishes motive and opportunity for FTS to commit fraud. (Plaintiffs' Opp. at 51).  Even accepting that number as accurate, it pales in comparison to the losses sustained by Fifth Third Bank, s*ee* Suppl. Mem. at 2, and mere business receipts cannot establish "motive" to commit fraud.  *See Heabeart v. Coinbase, Inc.*, 25-cv-9197, 2026 WL 1250578, at *7 (S.D.N.Y. May 7, 2026) (Rakoff, J.) ("[G]eneralized allegations of a desire to profit—shared by virtually every corporate actor—do not establish motive under the PSLRA.").

Dated: May 21, 2026

Robert J. McGahan (admitted *pro hac vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street, N.W., Suite 1350
Washington, DC 20036
Tel: (202) 719-8298

Rebeccah L. Bower (admitted *pro hac vice)*
BRADLEY ARANT BOULT CUMMINGS LLP
Promenade Tower
1230 Peachtree Street NE, Suite 2100
Atlanta, Georgia 30309
Tel: (404) 868-2806

Marshall L. Miller
Sean Hecker
Jenna M. Dabbs
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0883

6

**CERTIFICATE OF WORD COUNT COMPLIANCE**

I, Marshall L. Miller, an attorney duly admitted to practice before this Court, hereby certify pursuant to Local Civil Rule 7.1(c) that this Memorandum of Law was prepared using Microsoft Word and the document contains 1,696 words as calculated by the application's word-counting function, excluding the parts of the Memorandum of Law exempted by Local Civil Rule 7.1(c).

I certify under the penalty of perjury that the foregoing statements are true and correct. Executed on this 21 day of May, 2026 in New York, New York.

_____
Marshall L. Miller

7